UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VASILIY POLYAK (8),<br><br>　　　　　　Defendant. | Case No.: 21-CR-2660-BAS<br><br>ORDER OF RESTITUTION |
|---|---|

IT IS HEREBY ORDERED:

　　1.　　Pursuant to 18 U.S.C. §3663A, Defendant VASILIY POLYAK shall pay restitution in the amount of **$451,199.64** as a result of his conviction for access device fraud conspiracy, in violation of 18 U.S.C. § 1029(b). Restitution shall be payable to the victims of the offense, as follows:

| **Wells Fargo NA**<br>Fraud Investigations<br>P.O Box 912038<br>Denver, CO 80291-2038 | $145,416.35 |
|---|---|

| | |
|---|---|
| **U.S. Bank**<br>Attn Michael Greenman<br>U.S. Bank Corporate Security Recovery<br>PO Box 650<br>Milwaukee, WI 53201-0650 | $105,094.03 |
| **American Express**<br>Attn. Peter J. Grimm<br>PO Box 5190<br>Pasadena, CA 91117 | $105,138.00 |
| **Bank of America, N.A.**<br>Contact Kenneth Smith<br>Atlanta Plaza Building<br>600 Peachtree Street NE<br>Atlanta, GA 30308 | $87,978.39 |
| **Comerica Bank**<br>PO Box 675403<br>Detroit, MI 48267-5403<br>Event ref. no. 20041912597 | $5,432.87 |
| **Union Bank**<br>1101 W. Washington St., 2nd Floor<br>Tempe, AZ 85288<br>ATTN: EFM Resolutions Dept. | $2,140.00 |
| Total | **$451,199.64** |

2.   Pursuant to 18 U.S.C. §3664(i), the distribution to non-government victims shall be made *pro rata*.

3.   The Court expressly finds that, pursuant to 18 U.S.C. § 3663A(c)(3), the number of identifiable victims is so large, and determining the complex issues of fact related to the cause and amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to the victims is outweighed by the

burden on the sentencing process, that identifying and ordering further restitution to individual victims or financial institutions would be impracticable.

4. Restitution is due and payable immediately. Notwithstanding any other provision of this Restitution Order, the government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

5. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. Upon release from custody, the defendant shall pay restitution at the rate of $ 2,500 per month, subject to modification upon further agreement of the parties or order of the court.

6. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment.

7. Liability for restitution pursuant to this Order shall be joint and several with the following co-defendants: Haykaz Mansuryan (1), Hayk Shakaryan (2), Davit Babayan (3), Artour Hakobyan (4), Hakop Karayan (6), and Robert Fichidzyan (7).

8. The defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

   Clerk of the Court
   United States District Court
   Southern District of California
   333 West Broadway, Suite 420
   San Diego, CA 92101

9. The Court has determined that the defendant does not have the ability to pay interest. It is ordered that the interest requirement is waived.

10. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution no later than thirty days after the change occurs.

11. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

IT IS SO ORDERED.

DATED: March 11, 2024

*Cynthia Bashant*
HON. CYNTHIA BASHANT
United States District Court